IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARUS ORTEGA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRIAN HONG, et al.,<br><br>　　　　Defendants. | No. C 10-03476 SBA (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Lazarus Ortega filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. Venue is proper because the alleged conduct giving rise to Plaintiff's claims took place in Alameda County, California which is located in this judicial district. See 28 U.S.C. § 1391(b). His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

Plaintiff asserts claims against his public defender, Brian Hong, as well as the Alameda County Public Defender's Office, arising out of their alleged failure to intervene and adequately protect him from being assaulted by an officer while he was incarcerated. Plaintiff states that he has a separate ongoing lawsuit before this Court stemming from his allegations of that officer's use of excessive force against him. See Ortega v. Giamalvo, Case No. C 07-04436 SBA (PR).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Public defenders acting as attorneys for criminal defendants do not act under color of state law, an essential element of an action under § 1983. Tower v. Glover, 467 U.S. 914, 919-920 (1984); Polk County v. Dodson, 454 U.S. 312, 317-25 (1981). Therefore, Mr. Hong and the Alameda County Public Defender's Office are not proper defendants in this § 1983 action.

Even if Mr. Hong (or any other employee of the Alameda County Public Defender's Office) was not acting in his capacity as Plaintiff's public defender when he allegedly refused to intervene, he still is no more than a private individual, who generally does not act under color of state law. See

Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Action taken by private individuals or organizations may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 121 S. Ct. 924, 930 (2001) (internal quotation marks omitted). The Supreme Court has found state action when a challenged activity results from the State's exercise of coercive power; when the State provides significant encouragement for the activity; or when a private actor operates as a willful participant in joint activity with the State. See id. at 930.

Plaintiff alleges no facts suggesting that the conduct of Mr. Park or the Alameda County Public Defender's Officer could fairly be treated as conduct of the State itself. Therefore, Plaintiff's § 1983 claims against these Defendants are DISMISSED for failure to state a claim upon which relief may be granted. Because no amendment could cure the aforementioned defects, this case will be dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints, unless no amendment could save the complaint).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims are DISMISSED with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's application to proceed in forma pauperis is GRANTED.

The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

This Order terminates Docket no. 2.

IT IS SO ORDERED.

DATED: 9/2/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.10\Ortega3476.Dismissal.wpd 2

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT

2  FOR THE

3  NORTHERN DISTRICT OF CALIFORNIA

6  LAZARUS ORTEGA,                           Case Number: CV10-03476 SBA

7           Plaintiff,                       **CERTIFICATE OF SERVICE**

8    v.

9  BRIAN HONG et al,

10          Defendant.
                                    /

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13  That on September 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lazarus Ortega F23334
C.S.P. SAC/B-6-114
P.O. Box 290066
Represa, CA 95671

Dated: September 10, 2010
                          Richard W. Wieking, Clerk
                          By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Ortega3476.Dismissal.wpd